UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GOVIND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS & REHABILITATION, et al.,<br><br>　　　　Respondents. | Case No. CV 18-4042 JFW(JC)<br><br>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**I.　SUMMARY**

On May 15, 2018, petitioner Daniel Govind, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"), with attachments ("Petition Attachments" or "Petition Att.") and exhibits ("Petition Exhibits" or "Petition Ex.").[1]  The exhibits include a transcript of petitioner's November 10, 2016 hearing before the California Board of Parole Hearings ("Board").  See Petition Ex. Y.

Petitioner essentially challenges the Board's decision denying him parole,

---

[1] As the Petition Attachments and Petition Exhibits are voluminous and not consecutively numbered, the Court refers to the Page ID #s reflected in the Case Management/ Electronic Case Filing System (CM/ECF).

claiming that such decision violated his due process rights. More specifically, he alleges: (1) he has improperly been restrained beyond his minimum eligible parole date of February 8, 2012; and (2) the Board improperly determined that he is a threat to the safety and security of the public. (Petition at 5).

As it plainly appears from the face of the Petition, the Petition Attachments, and the Petition Exhibits that petitioner is not entitled to federal habeas relief as requested, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4").

## II. PERTINENT PROCEDURAL HISTORY[2]

On June 27, 1996, a Los Angeles County Superior Court jury convicted petitioner of first degree murder with the use of a deadly and dangerous weapon (a machete). The court sentenced petitioner to a term of 26 years to life in state prison.

Petitioner's minimum eligible parole date ("MEPD") was February 8, 2012. See Petition Ex. A, Page ID #57.[3] He had an initial parole hearing on August 19, 1999 and was denied parole. See Petition Ex. I. He had subsequent parole hearings on October 22, 2013, June 4, 2015, and November 10, 2016, and was found unsuitable for release and denied parole on each such occasion. See Petition

---

[2] Although the Court's disposition of the Petition and this action are predicated only upon what plainly appears from the face of the Petition (including the Petition Attachments and Petition Exhibits), a broader procedural history is set forth for context. The Procedural History is derived from the Petition, the Petition Attachments, the Petition Exhibits, and documents on file in Govind v. Lindsey, C.D. Cal. Case No. CV 00-1138 JFW(MAN), of which the Court takes judicial notice. See Fed R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[3] At the time of the parole hearing in issue (November 10, 2016), petitioner's MEPD was May 8, 2012 (Petition Ex. Y at Page ID #677 (Hearing Transcript, page 3)), but on September 29, 2017, petitioner was afforded 90 days of educational credit and his MEPD was changed to February 8, 2012. See Petition Ex. A, Page ID #57.

2

Exs. T, V, X, Y. At the most recent November 10, 2016 hearing, during which petitioner was represented by counsel, the Board found petitioner unsuitable for parole in light of (1) the heinousness of the commitment offense; (2) his lack of insight; (3) his failure to participate in sufficient self-help work; and (4) his unrealistic parole plans. <u>See</u> Petition Ex. Y at Page ID ## 733-45 (Hearing Transcript, pages 66-78).

Petitioner thereafter challenged his continued restraint beyond his MEPD – via petitions for writ of habeas corpus/mandamus – and was denied relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. <u>See</u> Petition Att. at Page ID ## 13, 23, 24, 26, 27; Petition Ex. C at Page ID ## 91-102.[4]

---

[4]The Superior Court, referencing the California Court of Appeal's unpublished decision on direct appeal, described petitioner's commitment offense as follows:

> Petitioner lived in Inglewood with his wife, Hari, and his children, Michelle and Adrian. The victim, Elva Meza, was a prostitute working in Inglewood. Several days prior to the murder, Petitioner asked Meza's friend, Jackie Merrello, to set up a "date" between them. Merrello told Meza about Petitioner's request, and she never saw Meza again after that conversation. On August 19, 1992, at approximately 10:30 a.m., Petitioner's daughter, Michelle, arrived home and noticed her parents' bedroom window was broken. Petitioner, who should have been home, was gone along with his van. Frightened, Michelle drove to school to pick up her brother Adrian. Michelle and Adrian returned to the house shortly thereafter and noticed hair and blood clinging to the broken front bedroom window. Upon entering the house, Michelle and Adrian saw blood all over. No one was in the house. When Inglewood Police Department officers arrived on the scene, they found a broken and bloody machete in the bedroom, which was later identified as belonging to Petitioner. The officers also found a pair of women's underwear with blood and hair on it in the bathroom. One of Petitioner's neighbors saw him moving several items into his van that morning. [Citation]. ¶ Petitioner returned to the scene at approximately 6:00 p.m., where he was apprehended after attempting to evade police. Petitioner's clothing was covered with blood stains, and his right arm was cut and bandaged. Petitioner was taken to the police station for an interview. There, Petitioner told police he was confronted at his home by a Hispanic couple who had robbed him several weeks beforehand. The man was armed with a knife and demanded

(continued...)

3

As noted above, on May 15, 2018, petitioner filed the instant Petition essentially challenging the 2016 parole denial, *i.e.*, his continued restraint beyond his MEPD.

**III. DISCUSSION**

**A. Summary Dismissal of the Petition Is Appropriate**

A district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Here, dismissal of the Petition and this action pursuant to Habeas Rule 4 is appropriate. See, e.g., Ezell v. McDowell, 2017 WL 6868706, at *3-*4 (C.D. Cal. Nov. 7, 2017) (summarily dismissing habeas claims challenging parole suitability determination where, as here, petitioner received all the process to which he was entitled, *i.e.*, he had an opportunity to be heard and the

---

⁴(...continued)
Petitioner's wallet. Petitioner complied with the demand, but the man returned his wallet when he found no money in it. A fight broke out in the bedroom and Petitioner was cut across the right arm. Petitioner grabbed his machete from underneath the bed and cut the robbers before they fled in their vehicle. Petitioner attempted to call the police but he could not get through. Petitioner pursued the robbers in his van before losing them in traffic. He then stopped for food at McDonald's before returning home. Petitioner was released pending investigation. [Citation]. ¶ That same day, Meza's partially clothed body was found beside the freeway off-ramp in Tijuana, Mexico. The body was bloody and battered. According to an autopsy report, Meza died from numerous blunt force injuries to the head which were consistent with injuries from a machete. Meza had numerous lacerations and the upper portion of her right ear was missing. Meza's skull was fractured in several places and she suffered brain injury. Meza was heavily bruised and cut throughout her body. Meza also had bite marks on her left arm and leg, which were inflicted prior to death. There was no evidence of sexual assault. The police found a hammer with traces of blood in Petitioner's van. DNA and other testing established a probable match between Meza and the blood and hair found in Petitioner's home. Petitioner was subsequently arrested for the murder. Petitioner did not put on a defense at trial. [Citation].

Petition Ex. C at Page ID ## 91-102.

Board stated its reasons for denying parole; citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011)), report and recommendation adopted, 2017 WL 6818657 (C.D. Cal. Dec. 29, 2017); Crane v. Beard, 2017 WL 1234096, at *5 (C.D. Cal. Apr. 3, 2017) (same), certificate of appealability denied, 2017 WL 6498004 (9th Cir. 2017); Bird v. Board, 2016 WL 3456838, at *2 (D. Mont. May 16, 2016) (summarily dismissing habeas claim challenging parole suitability determination as foreclosed by Swarthout where petitioner received minimal procedural protection required; such was the "beginning and the end of federal habeas" analysis (quoting Swarthout, 562 U.S. at 220)), report and recommendation adopted, 2016 WL 3509452 (D. Mont. June 21, 2016); Aranda v. Seibel, 2016 WL 749061, at *3-*4 (C.D. Cal. Feb. 24, 2016) (same); Caldwell v. Valenzuela, 2013 WL 941970, at *2 (C.D. Cal. Mar. 11, 2013) (same).

### B. Federal Habeas Relief Is Not Available for Petitioner's Claims

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Greenholtz"). In some instances, however, state statutes may create liberty interests in parole release entitled to protection under the federal Due Process Clause. See Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Greenholtz, 442 U.S. at 12. The Ninth Circuit has held that California's statutory provisions governing parole create such a liberty interest. See Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011); Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011).[5]

---

[5] In Swarthout v. Cooke, the Supreme Court did not reach the question of whether California law creates a liberty interest in parole, but observed that the Ninth Circuit's affirmative answer to this question "is a reasonable application of our cases." Swarthout v. Cooke, 562 U.S. at 219-20 (citations omitted). The Ninth Circuit held that Swarthout v. Cooke
(continued...)

"In the context of parole, . . . the procedures required are minimal." Swarthout v. Cooke, 562 U.S. at 220. Due Process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole. Greenholtz, 442 U.S. at 16; see also Swarthout v. Cooke, 562 U.S. at 220. "The Constitution does not require more." Greenholtz, 442 U.S. at 16; accord Swarthout v. Cooke, 562 U.S. at 220 (citation omitted); see also Roberts v. Hartley, 640 F.3d at 1046 ("there is no substantive due process right created by the California parole scheme"). In the parole context, then, "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" Roberts v. Hartley, 640 F.3d at 1046 (quoting Swarthout v. Cooke, 562 U.S. at 220). Petitioner does not contend, and the record does not show, that petitioner was denied these required procedural safeguards. Petitioner had a lengthy hearing during which petitioner and his counsel had ample opportunity to be heard, and the Board issued a written statement of its reasons for denying petitioner parole. See Petition Ex. Y (hearing transcript and decision). Contrary to petitioner's general argument, petitioner plainly received all the process that was due during his 2016 parole hearing.

Turning to petitioner's claims as framed, he is clearly not entitled to federal habeas relief.

First, petitioner's contention that a due process violation has occurred because he has been restrained beyond his MEPD is clearly incorrect. The MEPD is merely the earliest date on which an inmate can legally be released on parole. See Nettles v. Grounds, 830 F.3d 922, 925 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017); see also Cal. Penal Code § 3041(a)(2) (providing for a

---

[5](...continued)
"did not disturb our conclusion that California law creates a liberty interest in parole." Roberts v. Hartley, 640 F.3d at 1045 (citation omitted).

parole board hearing one year before the inmate's MEPD). The MEPD does not determine when a prisoner may actually be released from prison. See In re Jenkins, 50 Cal. 4th 1167, 1179-80 (2010) ("Deciding when to actually release an inmate serving an indeterminate term is governed by different rules and regulations.").[6]

Second, petitioner's claim that the Board improperly determined that he is a threat to the safety and security of the public is not cognizable on federal habeas review. While the California Supreme Court has held, as a matter of state law, that "some evidence" must exist to support a parole denial (see In re Lawrence, 44 Cal. 4th 1181, 1212 (2008)), the United States Supreme Court has rejected the contention that the federal Due Process Clause contains a guarantee of evidentiary sufficiency with respect to a parole determination. Swarthout v. Cooke, 562 U.S. at 220-22 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cooke"). Accordingly, Swarthout v. Cooke bars any challenge to the sufficiency of the evidence to support the Board's decision. See id. at 222 ("The Ninth Circuit's questionable finding that there was *no* evidence in the record supporting parole denial is irrelevant unless there is a federal right at stake. . . . [T]he responsibility for assuring that the constitutionally adequate procedures

---

[6]Inmates serving indeterminate life sentences with the possibility of parole may be released from prison upon the parole authority's determination that they are suitable for parole. Cal. Penal Code § 3041(b); see In re Lawrence, 44 Cal. 4th 1181, 1202-03 (2008). The parole authority's assessment of a prisoner's suitability for parole rests on its consideration of a number of factors that are probative of the inmate's current risk to public safety. Lawrence, 44 Cal. 4th at 1202-03.

7

governing California's parole system are properly applied rests with California Courts, and is no part of the Ninth Circuit's business.") (emphasis original; internal citation omitted); <u>Pearson v. Muntz</u>, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[<u>Swarthout v. Cooke</u>] makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254."); <u>see also</u> <u>Madrid v. Mendoza-Powers</u>, 424 Fed. Appx. 671, 672 (9th Cir. 2011) (<u>Swarthout v. Cooke</u> foreclosed claim that Board could not continue to deny petitioner parole based on allegedly immutable factors of his commitment offense, previous record of violence, and social history). Petitioner's contention that his discipline-free history,[7] full-time job, and participation in numerous self-help groups demonstrates that the Board incorrectly concluded that he is a threat to the safety and security of the public (Petition at 5, Ground Two), is effectively a challenge to the sufficiency of the evidence on which the Board relied to reach its decision. Accordingly, petitioner's claim is simply not cognizable on federal habeas review. <u>See</u> <u>Swarthout v. Cooke</u>, 562 U.S. at 220-22.

## IV. CONCLUSION AND ORDERS

In light of the foregoing, the Petition must be dismissed summarily, pursuant to Habeas Rule 4, because it "plainly appears" that none of petitioner's claims warrant relief, nor could they do so with amendment.

IT IS HEREBY ORDERED: (1) the Petition and this action are dismissed; and (2) the Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of a denial of a constitutional right and, under the circumstances, jurists of reason would not

---

[7]Notwithstanding petitioner's indication that he has been "Disciplinary free" (Petition at 5), the record reflects that he has received four serious violation reports (mutual combat in 2005, mutual combat in 2004, possession of false documents in 2002 and possession of inmate manufactured alcohol in 2000) and seven counseling chronos. <u>See</u> Petition Ex. C at Page ID #98.

disagree with the Court's determinations herein.

DATED: May 30, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE